UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MONICA BAIN,

                            Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                         06-CV-6399L

                            v.

WAL-MART INCORPORATED,

                            Defendant.
_____

      This Decision and Order addresses a number of motions currently pending with the Court related to service of the complaint, entry of default, and the proper corporate name of the defendant.

      Plaintiff Monica Bain ("plaintiff") commenced this action against her former employer Wal-Mart Stores, Inc. ("defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the New York Human Rights Law, N.Y. Exec. L. § 290 *et seq*., alleging claims based on a hostile work environment and retaliation.

      Plaintiff filed her complaint on August 9, 2006. Plaintiff thereafter filed proof of service indicating that defendant was served on August 23, 2006, pursuant to New York Business and Corporation Law § 306 through service on the Secretary of State. (Dkt. #2). Plaintiff had hired a process server to effectuate service and she never received any indication from the Secretary of State or the process server that there was a problem with service.

After defendant failed to answer the complaint, plaintiff filed a request for entry of default by the Clerk. (Dkt. #3). On November 16, 2006, default was entered against defendant. (Dkt. #5). Plaintiff thereafter moved for default judgment on December 28, 2006. (Dkt. #7).

Plaintiff now concedes that the Clerk's entry of default must be vacated because service was not effectuated properly. Plaintiff identified defendant in the summons and complaint as "Wal-Mart Incorporated," a misnomer. Defendant's correct corporate name is "Wal-Mart Stores, Inc." Apparently, the Secretary of State had no business on file under the name "Wal-Mart Incorporated." Nevertheless, service through certified mail was attempted on the defendant at a Lyell Avenue address in the City of Rochester, but was returned to the Secretary of State as "undeliverable." No such address exists, nor is there a Wal-Mart store on Lyell Avenue. Why service was attempted at a Lyell Avenue address is not clear because the summons listed defendant's business address at 1490 Hudson Avenue, Rochester, New York. (Dkt. #15).

Plaintiff first learned that there was a problem with service on January 18, 2007, when defendant's counsel informed plaintiff's counsel that defendant was never served with the summons and complaint. That same day, defendant's counsel filed a notice of appearance in this action.

Shortly thereafter, on January 26, 2007, defendant filed a motion to set aside the Clerk's entry of default and for permission to answer or otherwise respond to plaintiff's complaint. (Dkt. #10).

On February 9, 2007, plaintiff moved for relief pursuant to Fed. R. Civ. P. 15(c)(3), seeking to file an amended complaint (with defendant's correct corporate name) that would relate back to the filing date of the original complaint, and for an extension of time to serve process. (Dkt. #13).

The parties' motions are granted, in part, as follows.

I find that the requirements of Rule 15(c)(3) have been met and that the amended complaint naming "Wal-Mart Stores, Inc." relates back to the initial complaint brought against "Wal-Mart Incorporated."

Pursuant to Rule 15(c)(3), an amended pleading that "changes the party or the naming of the party" against whom a claim is asserted will "relate back" to the date of the original pleading when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and,

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

There is no dispute that the proper defendant received actual notice of this action prior to the expiration of the initial 120-day period for service under Rule 4(m). Counsel for defendant acknowledged that it discovered that this action was pending on January 18, 2007, nineteen days before the time to serve had expired. (Dkt. #8; Dkt. #10, Schroder Aff., ¶5). At that time, counsel immediately entered a notice of appearance, thereby indicating defendant's understanding that, but for the misnomer, it would have been named as a party.

Moreover, defendant has not been prejudiced in maintaining a defense on the merits by the delay. I also find that there is sufficient cause shown to extend the time for plaintiff to serve the amended complaint pursuant to Rule 4(m). *See Gipson v. Wells Fargo Corp.*, 383 F.Supp.2d 116 (D.D.C. 2005) (amended complaint related back to date of initial complaint under Rule 15(c)(3), and time to serve was extended by Court pursuant to Rule 4(m), where plaintiff filed original complaint

against "Wells Fargo Corporation" and later amended complaint to properly identify "Wells Fargo Home Mortgage Inc." as the correct name of defendant).

CONCLUSION

The Clerk of the Court is directed to vacate the entry of default (Dkt. #5).

Plaintiff's motion for default judgment (Dkt. #7) is DENIED.

Plaintiff's motion for relief pursuant to Rule 15(c)(3), and for an extension of time to serve the amended complaint (Dkt. #13) is GRANTED, in part. Plaintiff must file the amended complaint within 10 days of the entry of this Order. Plaintiff must serve the amended complaint within 10 days of the date of filing. Service on counsel of record for defendant is deemed sufficient.

Defendant's motion (Dkt. #10) to set aside entry of default is DENIED AS MOOT. Defendant's motion (Dkt. #10) for leave to respond to plaintiff's complaint is GRANTED, in part. Defendant shall answer or otherwise respond to the amended complaint within 20 days from the date it is served.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 28, 2007.