UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MONICA BAIN,

                                                     Plaintiff,

                                                                     SUPPLEMENTAL
                                                                     DECISION AND ORDER
                                                                     TO DECISION OF 3/28/07

                                                                     06-CV-6399L

                                   v.

WAL-MART INCORPORATED,

                                                     Defendant.
_____

     In a Decision and Order filed March 28, 2007 (Dkt. #17), the Court, *inter alia*, extended the time for plaintiff to serve an amended complaint on defendant, who had been misnamed in the original complaint. In doing so, the Court wrote that there was no dispute that the proper defendant had received actual notice of the action prior to the expiration of the initial 120-day period for service.

     After filing this Decision and Order, the Court received plaintiff's counsel's letter, dated March 29, 2007, in which she acknowledges that she inadvertently miscalculated and misrepresented when the initial 120-day period to serve the complaint under FED. R. CIV. P. 4(m) had expired. The initial 120-day period expired on December 7, 2006, not on February 6, 2007. The proper defendant, therefore, *did not receive* actual notice of this lawsuit until after the original 120-day period for service expired.

This fact, however, does not change the Court's Decision and Order extending the time for service under Rule 4(m) and permitting relation back to the filing date of the original complaint under FED. R. CIV. P. 15(c)(3).

Pursuant to Rule 15(c), a complaint will relate back to the original filing date when defendant received notice of the lawsuit and the misnomer "within the period provided by Rule 4(m) for service of the summons and complaint." The Advisory Committee Notes to Rule 15(c)(3) provide that, "In allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, *but also any additional time resulting from any extension ordered by the court* pursuant to the rules, as may be granted[.]" (emphasis supplied).

Rule 4(m) gives courts substantial authority to extend the 120-day time period for service in many circumstances. If good cause is shown, courts must extend the deadline. Even when good cause is not shown, however, the Rule allows courts to exercise their discretion and permit an enlargement of time. *See Henderson v. United States*, 517 U.S. 654, 662 (1996) (citing the Advisory Committee Notes to the 1993 amendments to Rule 4, and holding that "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'"). Thus, service during any extended time period allowed by the court still is considered to be "within the period provided by Rule 4(m)" for purposes of Rule 15(c)(3). *See Gipson v. Wells Fargo Corp.*, 383 F.Supp.2d 116 (D.D.C. 2005)

In the instant case, I found that there was sufficient cause shown to extend the 120-day period for service of the amended complaint under the circumstances presented. Therefore, defendant received notice of the lawsuit "within the period provided by Rule 4(m)," despite the fact that notice was not received until after the *initial* 120-day period expired. Accordingly, the

requirements of Rule 15(c)(3) have been met and the amended complaint filed on March 29, 2007, relates back to the date that the original complaint was filed.

The instant case is no different from *Gipson*, 383 F.Supp.2d at 122, in which the district court ruled that an amended complaint related back to the filing date of the original complaint under Rule 15(c)(3), even though defendant did not receive notice of the action until after the original 120-day period expired. In *Gipson*, as here, the court extended the time to serve the amended complaint on the defendant (which had been misnamed in the original pleading) and held that, as a result, defendant received notice "within the period provided by Rule 4(m)."

## CONCLUSION

The Court's March 28, 2007, Decision and Order (Dkt. #17) is supplemented, as set forth above.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 5, 2007