UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MONICA BAIN,

                                 Plaintiff,

                                                                                      DECISION AND ORDER

                                                                                      06-CV-6399L

                                v.

WAL-MART STORES, INC.,

                                 Defendant.
_____

       Plaintiff Monica Bain ("Bain") brings this action alleging discriminatory retaliation against her former employer, Wal-Mart Stores Incorporated ("Wal-Mart"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New York Human Rights Law, N.Y. Exec. Law §§290 et seq. ("NYHRL"). Wal-Mart now moves for summary judgment. For the reasons that follow, Wal-Mart's motion is granted and the complaint is dismissed.

       Bain was hired by Wal-Mart on June 23, 2004 as a cashier. She worked under the supervision of several customer service managers, including Greg Soucie ("Soucie"). The customer service managers, in turn, were supervised by front-end manager Ed Narrod ("Narrod").

       On September 2, 2004, as she began preparations to close the store for the night, Bain claims that Soucie spoke to her in a "rude and nasty" tone, instructing her to "shut up" and "count-down [her] till." Bain, who was aware of Wal-Mart's "open door" policy with respect to complaints of

harassment or discrimination, claims that within the next day, she complained about Soucie's reprimand to two people; Keisha Mitchum, a customer service manager, and a blonde, Caucasian Wal-Mart employee in his late twenties whose name and job title she does not remember.

On September 7, 2004, seventy-six days after she was hired and five days after her complaint about Soucie's comment to her, customer service manager Dan Stream ("Stream") reported to Narrod that Bain had referred to Soucie as a "fucking faggot asshole" in Stream's presence. Narrod immediately terminated Bain's employment on the grounds of "gross misconduct," specifically, the use of obscene and disrespectful language toward a supervisor, as well as previous register shortages and attendance issues. Bain denies having referred to Soucie in the terms described by Stream.

On or about February 7, 2005, Bain filed a discrimination complaint with the Equal Employment Opportunity Commission. Upon receipt of a Right-to-Sue Notice, Bain timely filed the instant action on August 9, 2006, alleging that her employment was terminated unlawfully, in retaliation for her complaint concerning Soucie on September 2, 2004.

## DISCUSSION

### I. Summary Judgment in Discrimination Cases

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Although courts should be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, a common component of discrimination actions, *see Dister v. Cont'l Group,*

*Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985) (summary judgment rule would be rendered sterile if mere incantation of intent or state of mind would act as a talisman to defeat an otherwise valid motion). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (trial courts should not "treat discrimination differently from other ultimate questions of fact").

In order to defeat a summary judgment motion properly supported by evidence in admissible form, the non-movant must offer comparable materials demonstrating the existence of a genuine issue of material fact. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993), and cannot rely on the allegations in his or her pleadings, conclusory statements, or "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). Affidavits submitted in opposition to summary judgment must be based on personal knowledge from a competent source, and "set forth such facts as would be admissible in evidence." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). "Rule 56(e)'s requirement the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if testified to by the affiant

is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at 219, *citing Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999).

Title VII "forbids an employer to retaliate against an employee for, inter alia, complaining of employment discrimination prohibited by Title VII." *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006). Claims of retaliation pursuant to Title VII and the NYHRL are subject to the burden-shifting analysis articulated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). On a motion for summary judgment, a plaintiff must first establish a *prima facie* case of retaliation by showing: (1) her participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. Once she has done so, the burden shifts to the defendant to establish a legitimate, non-retaliatory basis for the complained-of action. If the defendant does so, the burden returns to plaintiff, who must show that the legitimate, non-retaliatory reason articulated by the defendant is a mere "pretext," and that retaliation was more likely than not the reason for the complained-of action. *See Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000); *Gallagher v. Delaney*, 139 F.3d 338, 349 (2d Cir. 1998).

While granting Bain the liberal interpretation and favorable inferences due to her as a nonmovant, I find that she has failed to establish a *prima facie* case of discrimination, and cannot rebut Wal-Mart's legitimate, nondiscriminatory reason for terminating her employment.

## II.   Bain's Retaliation Claims

Bain alleges that her complaint to Wal-Mart concerning Soucie's having told her to "shut up" and "count-down [her] till" constituted a complaint about a hostile work environment within the

meaning of Title VII, and that her termination five days later occurred in retaliation for that complaint. Upon review of the record, I find that there is no evidence that Wal-Mart acted with a retaliatory motive.

As an initial matter, Bain's complaint did not constitute "protected activity." Protected activity has been defined as that which opposes unlawful employment practices under Title VII. *See* 42 U.S.C. § 2000e-3(a). "[I]n order for an employee's complaints to be a 'protected activity' they must relate to an alleged violation of Title VII, i.e., the complaints must relate to race or gender. Otherwise, any employee who is disgruntled or dissatisfied with any aspect of his or her employment would ultimately find relief in Title VII even when race or gender was not an issue." *Taylor v. Family Residences & Essential Enters.*, 2008 U.S. Dist. LEXIS 6915 at *29-*31 (E.D.N.Y. 2008), *quoting Gourdine v. Cabrini Med. Ctr.*, 307 F. Supp. 2d 587, 598 (S.D.N.Y. 2004), *aff'd in part and vac'd in part and remanded on other grounds*, 128 Fed. Appx. 780 (2d Cir. 2005). *See also Cruz. v. Coach Stores Inc.*, 202 F.3d 560, 566 (2d Cir. 2000) (protected activity for Title VII retaliation claims "refers to an action taken to protest or oppose statutorily prohibited discrimination"); *McGullam v. Cedar Graphics, Inc.*, 2008 U.S. Dist. LEXIS 65391 at *26 (E.D.N.Y. 2008) (plaintiff's generalized complaints of unfair treatment are not protected activity for purposes of Title VII); *Roff v. Low Surgical & Med. Supply, Inc.*, 2004 U.S. Dist. LEXIS 30845 at *16 (E.D.N.Y. 2004) (retaliation claim must be dismissed where plaintiff fails to allege that her complaints related to prohibited discrimination).

Bain testified that she complained about the "tone" of Soucie's comment, relating that he was "red in the face" and "puffed up his chest" when directing her to "shut up" and count her till, and that the incident made her uncomfortable. Bain also testified that although she could not remember the

specifics of her complaint, she believed she had also described some prior, joking comments by Soucie of a "vulgar" nature, which related to his sexual preferences, sex life, and the attractiveness of certain customers. At the same time, Bain admitted that prior to Soucie's "shut up and count your till" comment, she considered "everything" between herself and Soucie to be "okay," and stated that she was not uncomfortable with any of Soucie's comments until the incident on September 2, 2004.[1] Construing these facts in Bain's favor, she has failed to establish that her complaint described conduct approaching the level of a hostile work environment for Title VII purposes. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (in order to establish a hostile work environment in violation of Title VII, a plaintiff must demonstrate that her workplace was permeated with "discriminatory intimidation, ridicule, and insult ... sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," as well as show a specific basis for imputing the conduct that created the hostile work environment to her employer). "Title VII is not a 'general civility code,'" *Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999), and a few isolated incidents of "boorish or offensive use of language" are generally insufficient to establish a hostile work environment. *Benette v. Cinemark U.S.A., Inc.*, 2003 U.S. Dist. LEXIS 22636 at *18 (W.D.N.Y. 2003). *See also Clark County School District v. Breeden*, 532

---

[1] Bain has submitted an affidavit which describes Soucie's alleged "vulgar" comments in detail and alleges that, contrary to her deposition testimony, Soucie's comments were constant, of a decidedly sexist nature, and made her extremely uncomfortable. In such circumstances, a self-serving affidavit is insufficient to defeat summary judgment, since, it is well settled that "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). *See also Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) ("factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts her own prior deposition testimony").

U.S. 268, 270 (2001) (conduct must be severely threatening or humiliating to rise to the level of a hostile work environment); *Kotcher v. Rosa & Sullivan Appliance Ctr.*, 957 F.2d 59, 62 (2d Cir. 1992) ("incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief"); *Reddy v. Salvation Army*, 2008 U.S. Dist. LEXIS 55058 at *44 n. 162 (S.D.N.Y. 2008) (supervisor's undue criticism and use of "a belittling and condescending tone" do not constitute a material alteration of employment conditions). Because Bain's complaint about a single interaction with Soucie and possible description of "vulgar" comments he had previously made fell short of describing a hostile work environment, it did not, as a matter of law, constitute protected activity.

Second, even if Bain's complaint was "protected activity," Bain has failed to demonstrate that the relevant decision maker, Narrod, was aware of it. It is undisputed that Narrod single-handedly made the decision to terminate Bain's employment, and Bain admits that he was not the "unknown" person to whom she had previously complained. There is no evidence that Narrod learned about Bain's complaint prior to her termination, and for his part, Narrod denies having had such knowledge. *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 89 (2d Cir. 2005) ("an employer's intent to discriminate must be evaluated by reference to the decision-maker actually ordering the adverse employment action, not to other persons in the company"); *Philippeaux v. Fashion Inst. of Tech.*, 1996 U.S. App. LEXIS 33507 at *3 (2d Cir. 1996) (in order to establish a *prima facie* case of retaliation, plaintiff must produce some evidence that the decision maker was aware of plaintiff's protected activity).

Finally, even if Bain engaged in protected activity and knowledge of her complaint could be imputed to Wal-Mart, *see Gordon v. New York Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000), Bain has failed to produce evidence of a causal connection between her protected activity and her

termination, other than the close, four-day temporal proximity between the two events. It is well-settled that temporal proximity alone is insufficient to overcome an employer's legitimate, nondiscriminatory reason for terminating a plaintiff's employment. *See Simpson v. New York State Dep't of Civil Servs.*, 166 Fed. Appx. 500, 502 (2d Cir. 2006) (even where *prima facie* case can be established through temporal proximity, "without more, such temporal proximity is insufficient to satisfy [plaintiff's ]burden to bring forward some evidence of pretext"); *Richter v. Monroe County Dep't of Soc. Serv.*, 2005 U.S. Dist. LEXIS 5800 at *43 (W.D.N.Y. 2005) ("[t]emporal proximity alone is insufficient to carry plaintiff's burden of proof beyond the *prima facie* stage, and nothing she has submitted shows that she will be able to persuade a fact-finder that the retaliation played a part in her termination").

Accordingly, Bain has failed to establish a *prima facie* case of retaliatory discharge and/or to rebut Wal-Mart's legitimate, nondiscriminatory reason for her termination, and her claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Wal-Mart's motion for summary judgment (Dkt. #39) is granted and plaintiff's complaint is dismissed in its entirety, with prejudice. Wal-Mart's motion to strike inadmissible evidence offered by plaintiff in response to the summary judgment motion (Dkt. #47) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 6, 2008.